**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE NEVADA RESORT ASSOCIATION-INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA LOCAL 720 PENSION TRUST; TRUSTEES OF THE NEVADA RESORT ASSOCIATION-INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA LOCAL 720 WAGE DISABILITY TRUST; and TRUSTEES OF THE NEVADA RESORT ASSOCIATION INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA APPRENTICE AND JOURNEYMAN TRAINING AND EDUCATION TRUST,<br>                             Plaintiffs,<br><br>   vs.<br><br>ENCORE PRODUCTIONS, INC., a Nevada corporation,<br>                             Defendant. | Case No.: 2:10-cv-00386-RCJ-LRL<br><br>**ORDER**<br><br>(Defendant's Motion to Dismiss--#3) |

## INTRODUCTION

Before the Court is Defendant, Encore Productions, Inc.'s ("Encore"), Motion to Dismiss (#9).  Defendant alleges that Plaintiff has failed to meet the pleading standards under Rules 8 and 12(b)(6) and their interpretation under *Iqbal* and *Twombly*.  Plaintiffs, the Trustees of the Nevada Resort Association-International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada Local 720 Pension Trust, Trustees of the Nevada Resort Association-International Alliance of Theatrical Stage Employees and Moving

Picture Machine Operators of the United States and Canada Local 720 Wage Disability Trust and Trustees of the Nevada Resort Association-International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada Local 720 Apprentice and Journeyman Training and Education Trust (collectively "Trust Funds") filed a timely opposition to this motion. (Opposition, #11). Plaintiff filed a timely reply. (Reply, #14).

Based on the following analysis and the adequacy of Plaintiff's <u>complaint</u> under the Federal Rules of Civil Procedure and their interpretation by the United States Supreme Court, the Court denies Defendant's motion.

## BACKGROUND

The Trust Funds provide pension, wage disability and training benefits. (Complaint ¶ 5, #1). The Trust Funds are established by Trust Agreements. (*Id.* ¶ 6). The Plaintiffs are the Trustees of the Trust Funds. (*Id.* ¶ 3). The individuals who receive benefits from the Trust Funds are employees represented by IATSE Union No. 720. (*Id.* ¶ 4). Thus, Plaintiffs allege that the Trust Funds meet the definitions of "employee welfare benefit plan" and "employee pension benefit plan" as those terms are used in ERISA, 29 U.S.C. § 1002(1), (2). (*Id.* ¶ 5).

Plaintiff alleges that Encore is party to a Collective Bargaining Agreement ("CBA") with Local 720. (*Id.* ¶ 4). Encore employs workers who perform work covered by the CBA. (*Id.* ¶ 4). The CBA incorporates the Trust Agreements by reference. (*Id.* ¶ 6). Plaintiff contends that the CBA and the Trust Agreements say that Encore is obligated to contribute to the Trust Funds on behalf of Encore's employees who perform work covered by the CBA. (*Id.* ¶ 7). Further, Plaintiff claims that Encore has failed to make all required contributions to the Trust Funds. (*Id.* ¶ 8).

## DISCUSSION

**A.   Rule 12(b)(6) Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007). However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that which are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court recently clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S.Ct. 1937, 1949 (2009). The Court in *Ashcroft* further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

"Generally, a district court may not consider any material beyond the pleadings in ruling

on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**B.     Analysis**

Encore alleges that the Trust Funds have failed to meet the pleading requirements under *Iqbal* and *Twombly*. Encore claims that the Trust Funds have failed to allege any facts in support of their allegation that Encore has failed to make the required contributions. Encore's allegations are unpersuasive.

While the Trust Funds' complaint is certainly not heavy on facts, it is sufficient under Rule 8 and 12(b)(6). As the Ninth Circuit reiterated, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). As already noted, the purpose of the pleading standards are to put the defendant on notice of a legally cognizable claim that is being brought against them. *See Twombly*, 550 U.S. at 554.

The Trust Funds' factual allegations are sufficient to make out such a legally cognizable claim. They allege the existence of a CBA agreement between Encore and IATSE. (Complaint

¶ 4, #1). They allege that the Plaintiff Trust Funds provide pension, wage disability, and training benefits to employees of Encore. (*Id.* ¶¶ 4-5). The Trust Funds allege that the CBA incorporates by reference the Trust Agreements establishing the IATSE Trust Funds and therefore obligating Encore to contribute to those funds. (*Id.* ¶¶ 6-7). Finally, the Trust Funds allege that Encore has failed to make all contributions under the CBA and Trust Agreements to the Trust Funds. (*Id.* ¶ 8). This is sufficient to make out a legally plausible claim. Furthermore, the complaint clearly puts Encore on notice as to the claim being made against it. Simply put, the Trust Funds complaint meets the standards set forth in the Federal Rules of Civil Procedure and *Iqbal* and *Twombly*.

## CONCLUSION

IT IS HEREBY ORDERED THAT Defendant Encore's Motion to Dismiss (#9) is DENIED.

DATED this 12th day of July, 2010.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE