1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

TRUSTEES OF THE NEVADA RESORT            )
ASSOCIATION-INTERNATIONAL ALLIANCE )
OF THEATRICAL STAGE EMPLOYEES AND )
MOVING PICTURE MACHINE OPERATORS )
OF THE UNITED STATES AND CANADA        )
LOCAL 720 PENSION TRUST, *et. al.*,            )
                                                               )
                        Plaintiffs,                       )
                                                               )        2:10-cv-00386-GMN-LRL
v.                                                             )
                                                               )        **O R D E R**
ENCORE PRODUCTIONS, INC.,                   )
                                                               )
                        Defendant.                      )
_____)

        Before the court is plaintiffs' Motion to Compel (#21).  The court has considered the motion
(#21), plaintiffs' Supplement to Motion to Compel (#22), defendant's Opposition (#24), and plaintiffs'
Reply (#27).  Also before the court is defendant's Motion to Strike Plaintiffs' Supplement to Plaintiffs'
Motion to Compel Discovery (#23) and plaintiffs' Opposition (#26).  No reply was filed to the latter
motion (#23).

**Background**

        This is a collection case brought pursuant to the Employee Retirement Income Security Act, 29
U.S.C. §§ 1001-1500.  Defendant has admitted that it did not pay all required employee benefit
contributions owed to plaintiffs, but the parties do not agree on the amount owed.  Plaintiffs, through
discovery, are "attempting to gather the basic information needed to prove the amount owed at trial or
through summary judgment." Mot. (#21) at 2.  Accordingly, plaintiffs propounded discovery requests
on July 12, 2010.  Defendant served its responses on August 16, 2010. Additionally, on August 13,

2010, defense counsel, Rick Roskelly, sent a letter to plaintiff's counsel, Adam Segal, responding to Request for Production No. 1, which concerns production of 1099 forms issued by defendant to alleged independent contractors.  The parties held a telephonic meet and confer on August 20, 2010.  As memorialized by Segal in a letter dated August 20, 2010, the parties engaged in heated discussion regarding the 1099 forms.  Mot. (#21) at Exh. 4.  The letter further makes peripheral mention that "because some documents responsive to my discovery requests might pertain to transactions other than 'covered work' your client will be providing no responses at all to my document requests or interrogatories."  *Id.*

Roskelly responded by letter dated August 30, 2010, wherein he contested Segal's recount of the meet and confer and insisted that he, not Segal, had made suggestions to limit the scope of production of 1099 forms.  *Id.* at Exh. 5.  He did not mention any other discovery requests in the letter. Segal responded by email that day, mainly focusing on what would become an ongoing dispute over who suggested what regarding Request No. 1.  *Id.* at Exh. 6.  In the email, he noted, "You've also offered no basis for failing to respond to any of the interrogatories."  The only other allusion to a discussion of discovery, other than the 1099 forms, is the statement, "If you are saying that your client is accepting MY proposed compromises, then simply supplement the discovery responses and let me know by what date I will receive the supplemental responses."  *Id.*

On September 2, 2010, Segal emailed Roskelly again to ask whether defendant would be supplementing any responses and if not, what counsel's schedule looked like for a second meet and confer.  *Id.* at Exh. 7.  Roskelly replied the same day that he was "looking into the feasibility of supplement," and was not available to meet the following week due to trials, but that he would provide a written response to Segal's earlier email the following week.  *Id.*  Roskelly did not send an additional written communication and no second meet and confer was scheduled.  Plaintiff filed the instant Motion to Compel (#21) on September 14, 2010.  Pursuant to the court's August 30, 2010 Order on Stipulation (#20), the discovery cut off in this case is January 10, 2011.

. . .

2

**Discussion**

<u>Motion to Strike (#23)</u>

Plaintiffs filed a Supplement (#22) to their Motion to Compel (#21) two days after filing the motion to compel.  The Supplement (#22) consists of two exhibits, both emails between the parties' counsel.  Defendant asks that the court strike the Supplement pursuant to Rule 12(f), insofar as plaintiffs "failed to obtain an order of this Court permitting such filing, pursuant to Fed. R. Civ. P. 15(d)."  Mot. (#23) at 2.   As plaintiffs note, Rules 12(f) and 15(d) pertain to pleadings, not motions.[1]  Defendant's Motion to Strike (#23) will be denied.

<u>Motion to Compel (#21)</u>

Plaintiffs pray for an order directing defendant "to fully respond to all the [plaintiffs'] discovery to date, and to do so immediately."  *Id.* at 11. Plaintiffs also ask the court to award the costs incurred in bringing this motion.  *Id.* at 12.  Defendant contends that plaintiffs' motion to compel is premature as to any discovery other than that related to Request No. 1, inasmuch as the parties' meet and confer addressed only the production of 1099 forms.  Accordingly, it is argued, because plaintiffs failed to satisfy the meet and confer requirements of LR 26-7, the motion should be denied.

Pursuant to Rule 37(a)(3)(B), a party may seek an order compelling discovery if the other party "(iii) fails to answer an interrogatory submitted under Rule 33; or (iv) fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34."  An evasive or incomplete response must be treated as a failure to respond.  Rule 37(a)(4).  Where a responding party objects to discovery requests, it is the requesting party's burden on its motion to compel to demonstrate why the objection is not justified.  The requesting party "must inform the Court which discovery requests are

---

[1]  Rule 7(a) defines a pleading as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served."

the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why [the responding party's] objections are not justified." *Ransom v. Johnson*, 2009 U.S. Dist. LEXIS 31513 at *5-6 (E.D. Cal. Apr. 13, 2009).

Here, other than to discuss the issues surrounding production of the 1099 forms, plaintiffs do not individually address the objections to their discovery requests.  Plaintiffs allege, generally, that defendant has engaged in ongoing delay tactics and has "no intention to take part in discovery in good faith," and thus "it would clearly be a waste of time and effort to pursue further efforts to resolve this dispute without Court intervention." Mot. (#21) at 10-11.  The record made does not support a finding that defendant has categorically refused to engage in discussion regarding the discovery requests. On the information put before the court, there can be no doubt that the parties have conferred on Request No. 1 and production of the 1099 forms, but reached an impasse as to the appropriate bounds of production.

With regard to the scope of production of the 1099 forms, defendant reasonably points out that not every 1099 form issued by it is relevant to this ERISA collection action.  Also reasonable, however, is plaintiffs' offer "to review a payee list to eliminate any that are clearly not related to covered employment," such that defendant would be asked to produce only the 1099 forms for arguably relevant payees.  Plaintiffs are quite correct that they need not rely on defendant to decide for them what work is arguably relevant, particularly in light of defendant's own admissions that it hides relevant, covered work in the 1099 forms.  Finally, the six year span of production sought by plaintiffs is not unreasonable, inasmuch as the statute of limitations allows plaintiffs to reach back six years.  However, in light of the fact that defendants already produced relevant information for some portion of the six year span as the result of an audit, production will be limited to only those responsive forms that have not already been produced as a result of the audit.

As for the remaining discovery, the record before the court is unclear as to whether the parties actually discussed the bounds of production so as to have meaningfully engaged in a meet and confer. There is no indication that the parties discussed in detail anything other than issues related to production

of the 1099 forms.  Nor have plaintiffs individually addressed any of these categories in the motion. Notwithstanding that the working relationship between counsel is apparently strained at best, it is expected that counsel will cooperate with one another in good faith in an effort to resolve their discovery disputes before seeking court intervention.  Accordingly, the parties must meet and confer in order to identify the documents that will be produced and the interrogatories that will be answered, and come to an agreement as to which requests and interrogatories remain outstanding.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs' Motion to Compel (#21) is granted to the extent that defendant, not later than December 3, 2010, shall provide to plaintiffs a list of payees to whom it issued 1099 forms for the six years prior to the commencement of this suit, such that plaintiffs may eliminate from its request all those payees who are not relevant to covered employment.

IT IS FURTHER ORDERED that in all other respects plaintiffs' Motion to Compel (#21) is denied without prejudice.

IT IS FURTHER ORDERED that defendant's Motion to Strike (#23) is denied.

DATED this 23rd day of November, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**